Taliaferro, J.
This suit was instituted by the plaintiff to recover bis share of the successions of bis grandfather and grandmother, de *126 rived to him and his brother, representing their deceased father as one of the four heirs of their grand parents. Charles Diamond, the grandfather, died in the year 1867. His wife died in 1864. The surviving husband administered her estate. In 1865 he filed an account of his administration, by which it appeared that after paying the debts, the remaining assets of the estate amounted to about $16,000. He never filed a final account, and was never discharged from his liability as administrator. It seems that Robert E., John A. and Amelia Diamond, three of the heirs of their mother, executed an act acknowledging to have received from their father all their portions of their mother’s estate. Charles Diamond, Jr., the plaintiff, and his brother, Anthony, were not parties to this act, and as to them there was no release.
It appears that Charles Diamond, Sr., treated the assets of his wife’s estate as his own. It seems to have been the fixed purpose of himself and the three heirs of age, to deprive the present plaintiff and his brother, heirs of a predeceased son, from all participation in the succession of their grandmother. Charles Diamond, Sr., left a will at his decease. He bequeathed all the property, that of his wife’s estate as well as his own, to his three living children, before named, leaving nothing to the two grandchildren. He injoined upon the three legatees to divide the property among themselves in peace and harmony. They proceeded to execute the will, Robert E. and John A. Diamond being the executors. In March, 1869, the three legatees proceeded to a partition of all the property among themselves. The portion which fell to the lot of Robert E. Diamond was the property known as the Louisiana Hotel. He executed a mortgage upon this property on the tenth of March, 1871, to secure a debt of $3000; the notes given for the payment came into the hands of A. Sickerman, one of the appellants in this case. The plaintiff brought this suit, claiming one-fourth part of all their grandmother’s estate, one-fourth of all the property mentioned in their grandfather’s will, embracing, among other property, the'Louisiana Hotel. They prayed the annulment of the will, for an inventory and partition, for recognition as heirs, and to be put into possession, etc. The contest was a long and arduous one. The defendants began their defense by the following exception:
“For exception to the jurisdiction of this honorable court (the Second District Court) in the premises, they allege that the plaintiff sues herein for a partition of the estates of Charles Diamond and Mary Onyet, deceased, which has descended to these defendants and which they are in possession of as heirs, by judgment of this honorable court, and the defendants say, therefore, that the court is wholly without jurisdiction to entertain a suit for partition such as is here brought.”
The judge a quo overruled the exception, on the ground that where, *127 as in a case of this kind, when the heirs are all of age, residing in the State, and can not agree upon the partition and mode of making it, the court has jurisdiction ; referring to Code of Practice, art. 924, paragraph 14.
There was a final judgment rendered in favor of the plaintiff, recognizing him as an heir of Mary Onyet and Charles Diamond, annulling the will, ordering the filing of an account, and decreeing that a partition be made of all the property of the estates according to law, etc. Here it seems the controversy ended between the heirs, the defendants having filed a motion for a suspensive appeal, but proceeded no further.
An auctioneer, duly authorized, proceeded to advertise the property for sale. After the advertisments were made, several creditors of Robert E. Diamond sued out writs against him in the other courts. The property was sold. The purchasers desiring to have the mortgages against the property released, a rule was taken upon the recorder of mortgages, and those holding recorded claims against Robert E. Diamond, to show cause why their mortgages should not be erased. Opposition was made by several persons. The rule was made absolute, and only Sickerman and the recorder of mortgages appealing from the judgment, ordering the mortgages to be erased.
The opposition of Sickerman seems substantially to be: that the Second District Court is without jurisdiction to render a decree of partition, and the judgment is null;
That the seizures against Robert E. Diamond after the order of sale by the Second District Court, divested that court of jurisdiction over the property ordered to be sold.
That the purchasers did not pay their money and execute their notes for a title before they got a title;
We do not find that the opposition has any force. Under the state of facts existing in this case, the court had jurisdiction. C. P. art. 924. The sale shifted the liens or mortgages from the property to its proceeds. The opponent, Sickerman, retains his right to participate in the proceeds to the extent to which his mortgage bore on the Louisiana Hotel. Robert E. Diamond could only mortgage what belonged to him. It is clearly shown that the plaintiff owned a share and interest in that property. The purchasers could not be compelled to pay the price before they were tendered an unencumbered title. All they required was the erasure of the mortgages on the property.
We think the judgment does no injustice to any of the parties, and it is therefore ordered that it be affirmed, with costs.